WINDOW ROCK DISTRICT COURT

May 17, 1982

No. WR-C-D-547-75

OPINION AND ORDER

KEE BROWN, JR., Plaintiff, v.

ROSITA BEGAY BROWN, Defendant.

Honorable Tom Tso, Judge presiding.


The business before the court in this case is the plaintiff's motion to reopen the judgment which has been entered and vacate it with the exception of the marriage dissolution, which has been granted.

On March 4, 1977 a default judgment on the defendant's counter-claim was entered due to the nonappearance of the plaintiff at a scheduled hearing. Shortly after that, on April 22, 1977 the plaintiff moved the court to set aside the default judgment, and a hearing on that motion was set for May 20, 1977. At the time of the hearing on the motion the plaintiff and his counsel did not appear, so the motion was dismissed for nonprosecution. On April 20, 1982, over five years following the entry of the default judgment and almost five years from the time the last motion to set aside the judgment was heard, the plaintiff wishes a second chance.

The Courts of the Navajo Nation use the common law rule on reopening and vacating judgments. Rule 23 of the Rules of the Civil Procedure states, in pertinent part:

> "At any time after the final order or judgment, the Court may in the interest of justice reopen a case in order to correct errors or to consider newly-discovered evidence, or for any other reason consistent with justice."

The vacation or erasure of a judgment is within the sound discretion of the court, but public policy favors the finality of litigation. 46 Am.Jur. 2d, Judgments Sec. 682. As to default judgments it has been said that judicial discretion is usually used in favor of granting an application to set them aside so the case can be heard on the merits. Id. Sec. 686.

In balancing the interests of the parties the court must look to two factors which stand out here.

The first factor is that of the time which has passed. The plaintiff complains of the $350.00 per month child support which has been either paid or which is counting up over the years, and yet he did not appear at the hearing on May 20, 1977 and he has sat idle over the past five years with judgment intact. Not only Rosita Begay Brown, the defendant, but Tanya Sharon Brown, the child of the parties, has been relying upon the fixed child support amount all this time. It

-239-

would hardly be fair to let Mr. Brown sit on his rights over the years and then permit him to now come in and cry that the March, 1977 order was unfair to him. Judges have respect for the finality of judgments, and given a resulting reluctance to interference with them, courts frequently will not give assistance where the applicant did not act with reasonable diligence. Id. Sec. 706. This is certainly the case here.

The second factor to be considered is the fact that the denial of the prior motion to vacate the judgment is the law of the case. Normally strict rules as to the finality of orders on motions are not applicable and subsequent motions may be made on the same ground. 56 Am.Jur. 2d, Motions, Rules, and Orders Sec. 30. While this court may possess the authority to overlook the order of a prior sitting judge for good cause shown, that good cause is not sufficient to overcome the finality of the judgment entered. Perhaps the plaintiff was unjustly treated for the failure of his counsel to appear on March 3, 1977. It may be that the plaintiff's counsel on the case for the May 20, 1977 hearing was in breach of his lawyerly duties. However, given the passage of time and the plaintiff's failure to do anything until now, this court should not penalize the defendant by making her relitigate all the issues that were to be resolved at trial on March 3, 1977.

Therefore the court will leave the plaintiff to any remedies he may have against his prior counsel in malpractice actions. That is the only remedy available to him at this point which would be fair to the defendant.

As to the question of child support, since the support of a minor child is a continuing modifiable obligation, the plaintiff will be left to file a proper petition to modify the decree as to child support. He must of course show a substantial change in circumstances from the time of the entry of the initial decree in order to justify a modification of child support. The court makes no decision at this time as to whether child support arrearages may be modified retroactively or whether only present and future child support payments may be modified. That is a matter which would require careful briefing with particular emphasis on the equities of the matter and the modern policy to not permit retroactive modification. See Uniform Marriage and Divorce Act (U.L.A.) Sec. 316(a); and Arizona enactment as construed.

Given the foregoing considerations, the plaintiff's motion to reopen case and vacate order in part is hereby DENIED.